IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:07-155-JFA |
| ) | |
| v.    ) | ORDER |
| ) | |
| CAMERON CORNELIUS HAMMOND ) | |
| ) | |
| _____ ) | |

The *pro se* defendant/petitioner, Cameron Hammond, is an inmate with the Federal Bureau of Prisons. He has filed a one-page petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 contending that he should be resentenced under the Fair Sentencing Act of 2010 and *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2321 (2012).

The government, here the respondent, has filed a motion for summary judgment in opposition to the § 2255 motion and suggests that the defendant's claim is without merit and is untimely. The court advised the defendant in a *Roseboro* order of the importance of his adequate response to the motion for summary judgment, however, the defendant did not respond. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

For the reasons which follow, the court has determined that an evidentiary hearing is not necessary and that summary judgment should be entered for the government.

PROCEDURAL HISTORY

In October 2007, the defendant pled guilty to Count 1 of the second superseding indictment which charged conspiracy to possess with intent to distribute and to distribute 50

1

grams or more of cocaine base, 5 kilograms or more of cocaine, and a quantity of marijuana. The government noticed the defendant under 21 U.S.C. § 851 that his prior felony drug conviction would serve as a sentencing enhancement. As part of the plea agreement, the government agreed that if the defendant would provide substantial assistance, it would dismiss the remaining charges and ask the court to remove the § 851 enhancement in lieu of a motion for a downward departure under U.S.S.G. §5K1.1. The defendant also waived his right to appeal except for claims of ineffective assistance of counsel or prosecutorial misconduct.

The Presentence Report (PSR), which was adopted by this court, noted that the defendant faced a mandatory minimum term of imprisonment of 20 years and a maximum of life as to Count 1 based upon the § 851 enhancement. The defendant's total offense level was 29 and his criminal history category was II, which produced a guidelines range of 240 months due to the statutory mandatory minimum sentence as a result of the § 851 enhancement.

At sentencing on July 17, 2008, the government withdrew the § 851enhancement which produced a new statutory mandatory minimum sentence of 120 to 121 months. The guidelines range of 87 to 121 months was trumped by the statutory mandatory minimum sentence and the defendant was sentenced to 120 months. The defendant did not file a direct appeal.

## STANDARDS OF LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28

U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Under § 2255(f), a one-year period of limitations applies to any motion filed under § 2255, with the limitation period running from the latest of: (1) the date on which the judgment of conviction became final; (2) the date on which the impediment to making a motion created by a governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party opposing summary judgment "must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). "The party seeking summary judgment carries the burden

3

of showing that there is no genuine issue as to any material fact in the case." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). "When determining whether the movant has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." *Id.* Because the defendant is acting *pro se*, the documents that he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the court may not ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't. of Social Svcs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

The government first argues that the petition is untimely because it was filed almost four years after the defendant's conviction became final (on or about August 10, 2008). The government also contends that none of the three other potential triggering dates of § 2255(f) noted above apply to this case.

As an initial matter, the Fair Sentencing Act (FSA) of 2010 does not apply to the defendant's sentence. The FSA was enacted on August 3, 2010 and statutorily changed the threshold quantities of crack cocaine that trigger mandatory minimum sentences under 21 U.S.C. § 841(b)—it did not change the statutory mandatory minimum for powder cocaine. In the recent Supreme Court case of *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2321 (June 21, 2012), the Court found that the FSA does not apply to those defendants sentenced

4

prior its enactment on August 3, 2010. Further, the Fourth Circuit Court of Appeals determined in *United States v. Mouzone*, 687 F.3d 207 (4th Cir. 2012) that the FSA applies retroactively only to offenders whose crimes preceded August 3, 2010, but who were sentenced after that date. The defendant here was sentenced on July 17, 2008 which is well before the August 3, 2010 threshold date.

CONCLUSION

For all the foregoing reasons, the court concludes that the defendant's § 2255 motion is without merit, and that the government's motion for summary judgment (ECF No. 1704) should be granted.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

March 8, 2013                               Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).